OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



November 30, 2000

The Honorable Tom O'Connell
Criminal District Attorney
Collin County Courthouse
210 South McDonald, Suite 324
McKinney, Texas 75069

Opinion No. JC-0312

Re: Responsibility of a sheriff for taking custody of a person hospitalized for injuries sustained while being arrested by law enforcement officers of a different jurisdiction (RQ-0263-JC)

Dear Mr. O'Connell:

You have asked this office when a sheriff is responsible for taking custody of a prisoner hospitalized as a result of "an injury or illness that was sustained during [the] arrest" by another law enforcement agency.[1] In our view, your question is answered by article 2.18 of the Code of Criminal Procedure and by the interpretation this office gave that statute in Attorney General Opinion DM-313. Briefly, a prisoner becomes the sheriff's responsibility "[w]hen [he] is committed to jail by warrant from a magistrate or court." TEX. CODE CRIM. PROC. ANN. art. 2.18 (Vernon 1977). "Once a magistrate has issued a commitment order, the duty to incarcerate the prisoner, *along with the necessary cost incident thereto,* falls upon the sheriff." Tex. Att'y Gen. Op. No. DM-313 (1995) at 2 (emphasis added). The sheriff has no discretion to refuse to take such a prisoner into custody and "cannot avoid the cost of his duty by refusal to undertake it." *Id.* The prisoner is the sheriff's responsibility as soon as the commitment order issues because the sheriff must "safely keep all prisoners committed to the jail by a lawful authority, subject to an order of the proper court." TEX. LOC. GOV'T CODE ANN. § 351.041(a) (Vernon 1999).

As we understand it, your question arises from a situation in which a prisoner has been arrested by another law enforcement agency and has, as a result of that arrest, required hospitalization. You note that, pursuant to article 104.002 of the Code of Criminal Procedure, the county is liable for "all expenses incurred in the safekeeping of prisoners confined in the county jail or kept under guard by the county." TEX. CODE CRIM. PROC. ANN. art. 104.002(a) (Vernon Supp. 2000). However, you assert, "[t]he article does not require the sheriff to assume custody of prisoners that have been taken to medical facilities by other agencies." Request Letter, note 1, at 1.

We agree that the mere fact that a person has been arrested by some law enforcement agency within Collin County's jurisdiction does not make that person a prisoner of the county. *See* Tex.

---

[1]Letter from Honorable Tom O'Connell, to Honorable John Cornyn, Texas Attorney General (July 31, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

Att'y Gen. Op. No. MW-52 (1979) at 2, 3 (sheriff has no duty to confine person in county jail solely for violation of municipal ordinance). However, when a magistrate issues a commitment order directing that the sheriff "receive and place in jail the person so committed," TEX. CODE CRIM. PROC. ANN. art. 16.20 (Vernon 1977), the prisoner forthwith becomes the responsibility of the sheriff. Article 2.18 of the Code of Criminal Procedure provides, "[w]hen a prisoner is committed to jail by warrant from a magistrate or court, he shall be placed in jail by the sheriff. It is a violation of duty on the part of any sheriff to permit a defendant so committed to remain out of jail[;] . . . he shall so guard the accused as to prevent escape." *Id.* art. 2.18; *see also* Tex. Att'y Gen. Op. Nos. JM-151 (1984) at 2 (county jail is required to accept state statute violators after magistrate has committed them to jail); DM-313 (1995) at 2 (sheriff cannot avoid cost of incarcerating prisoner by refusing to take custody after commitment order is issued).

In Attorney General Opinion DM-313, the question was posed whether the Ector County sheriff could refuse to accept prisoners arrested by the Midland city police for violations of state statutes after a municipal judge had issued a commitment order for those prisoners. On the basis of article 2.18 of the Code of Criminal Procedure, the opinion answered that question in the negative. It noted that a refusal to accept such prisoners "is not an exercise of discretion, but is rather, according to the plain language of article 2.18, a violation of duty. The sheriff cannot avoid the cost of his duty by refusal to undertake it. Accordingly, *once the commitment order is issued, the responsibility for maintaining these state law prisoners devolves upon the county.*" Tex. Att'y Gen. Op. No. DM-313 (1995) at 2 (emphasis added).

You suggest that "when a commitment order does exist it is unclear as to how the sheriff's duty under Texas Code of Criminal Procedure Art. 2.18 should be interpreted." Request Letter, *supra* note 1, at 2. We disagree. In our view, the clear import of the statutory language, and of its interpretation by Attorney General Opinion DM-313, is that the prisoner is the sheriff's responsibility from the time of the issuance of the commitment order. "It is a violation of duty on the part of any sheriff to permit a defendant to remain out of jail[;] . . . he shall so guard the accused as to prevent escape." TEX. CODE CRIM. PROC. ANN. art. 2.18 (Vernon 1977). This duty does not commence, as you suggest, "only when a prisoner is brought to the jail." Request Letter, *supra* note 1, at 2; *see* Tex. Att'y Gen. Op. No. H-169 (1973) at 2 (duty of sheriff to see that prisoners committed to jail by magistrate in city outside county seat are transported to county jail). Rather the duty and its attendant costs devolve upon the county "once the commitment order is issued." Tex. Att'y Gen. Op. No. DM-313 (1995) at 2.

## S U M M A R Y

A person arrested by a law enforcement agency other than the sheriff's department, and hospitalized as a result of that arrest, becomes the responsibility of the sheriff, pursuant to article 2.18 of the Code of Criminal Procedure, upon the issuance by a magistrate of a commitment order directing that the sheriff "receive and place in jail the person so committed." *See* TEX. CODE CRIM. PROC. ANN. arts. 2.18, 16.20 (Vernon 1977).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee